AO 106 (Rev. 01/09) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
## for the
### Western District of New York

In the Matter of the Search of )
*(Briefly describe the property to be searched or identify the person by name and address.)* )
)
The SUBJECT DEVICES as described and ) Case No. 23-MJ- 4068
depicted in Attachment A. )
)
)
)
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the Western District of New York *(identify the person or describe property to be searched and give its location):* The SUBJECT DEVICES as described and depicted in Attachment A.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized):* See Attachment B for the Evidence to be Seized, all of which are evidence and instrumentalities of violations of Title 18 United States Code, Sections 1543 (forgery or false use of a passport); 1028 (fraud involving identification documents); 1028A (aggravated identity theft); and 1343 (wire fraud), and all of which are more fully described in the application and affidavit filed in support of this warrant, the allegations of which are adopted and incorporated by reference as if fully set forth herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

  __X__ evidence of a crime;
  __X__ contraband, fruits of crime, or other items illegally possessed;
  __X__ property designed for use, intended for use, or used in committing a crime;
  _____ a person to be arrested or a person who is unlawfully restrained.

The search is related to violations of __18__ U.S.C. §§ 1543, 1028, 1028A, and 1343, and the application is based on these facts which are continued on the attached sheet.

  ☐ Delayed notice of ___ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Bradley Bowman, State Dept., Diplomatic Security Service
*Printed name and title*

Application submitted by email/pdf and attested to me and before me as true and accurate by telephone consistent with Fed.R.Crim.P. 4.1 and 41(d)(3) on:

Date: March 24, 2023

_____
*Judge's signature*

Marian W. Payson

City and state: Rochester, New York    Marian W. Payson, United States Magistrate Judge
*Printed name and title*

## ATTACHMENT A

## THE SUBJECT DEVICES TO BE SEARCHED

The SUBJECT DEVICES to be searched are the Motorola and Samsung smart phone depicted below. The Motorola was seized by the Pennsylvania State Police during the execution of a search warrant on a 2021 Dodge Ram 1500 operated by MICHAEL GRIMM. The Samsung was seized by members of the Buffalo Police Department incident to the arrest of MICHAEL GRIMM. Both SUBJECT DEVICES are currently in the custody of the Department of State, Diplomatic Security Service in sealed evidence bags as depicted below.

**Motorola (evidence bag #A0030350865)**   **Samsung (evidence bag #A0030350913)**



## ATTACHMENT B
## ITEMS TO BE SEARCHED FOR AND SEIZED

1. Evidence, in any form, of violations of 18 U.S.C. §§ 1543 (forgery or false use of a passport); 1028 (fraud involving identification documents); 1028A; and 1343 (wire fraud);

2. Identification documents or personal identifying information of any individual;

3. Records, receipts, notes, communications, or other information related to the acquisition of, application for, or production or printing of identification documents;

4. Information, correspondence, communications, photos, videos, location data, IP information, and other materials constituting evidence of, or pertaining to wire fraud, passport fraud, and identity theft;

5. Records and information relating to the existence of internet sites, social media applications, file sharing applications, or chat applications, related to wire fraud, passport fraud, and identity theft;

6. Records or other items related to the use of internet accounts, to include usernames, passwords, financial accounts, social media accounts, location information, IP information, etc., or any other information which evinces ownership or use of any digital storage device seized;

7. Information, correspondence, communications, and records related to commercial retail theft, including gift cards, receipts, applications, correspondence, other documentation and associated merchandise;

8. Records and evidence pertaining to ownership and use of the SUBJECT DEVICES.

Case 6:23-mj-04068-MWP   Document 1   Filed 03/24/23   Page 4 of 13

**(Final Version 07/2020)**
## ADDENDUM TO SEARCH WARRANT
## SEARCH OF COMPUTERS

      1. The computer or electronic media search authorized by this warrant shall be completed within 60 days from the date of the warrant unless, for good cause demonstrated, such date is extended by Order of this Court. *United States v. Smith*, No. 17-2446-CR, 2020 WL4290005, at *4 (2d Cir. July 28, 2020).

      2. In conducting the search authorized by this warrant, the government shall make reasonable efforts to utilize computer search methodology to search only for files, documents or other electronically stored information which are identified in the warrant itself.

      3. Should the government not locate any of the items specified in the warrant (or other fruits, contraband, instrumentalities, or property subject to forfeiture) within the authorized search period (including any extensions granted), the government shall return the computer or electronic media to the owner.

      4. In any circumstance not covered by paragraph three (3) above, upon completion of the search, the government, upon request of the owner of the computer, shall promptly return to the owner of the computer copies of all files and documents requested and specified by the owner, excluding any items or files seized pursuant to the warrant or other fruits, contraband, instrumentalities or property subject to forfeiture.

      5. If electronically stored data or documents have been identified by the government pursuant to this warrant, or other fruits, contraband, instrumentalities or property subject to forfeiture, the government may retain the original hard drive or other data storage mechanism pending further order of this Court. The retention of the original hard drive or other data storage mechanism does not relieve the government of its obligation to return to the owner of the computer files, documents or other electronically stored information identified in paragraph (4) above.

      6. Nothing in this warrant shall limit or prevent the government from retaining the computer or electronic media as fruits, contraband or an instrumentality of a crime or commencing forfeiture proceedings against the computer and/or the data contained therein. Nothing in this warrant shall limit or prevent the owner of the computer or electronic media from (a) filing a motion with the Court pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure for the Return of Property or (b) making a request of the government to return certain specified files, data, software or hardware.

      7. Should there be a dispute or question over ownership of any computer or any electronically stored data or documents stored therein, the government shall promptly notify this Court so that such dispute or question can be resolved.

## AFFIDAVIT IN SUPPORT OF A SEARCH WARRANT

STATE OF NEW YORK   )
COUNTY OF MONROE   )   SS:
CITY OF ROCHESTER   )

I, BRADLEY BOWMAN, being duly sworn, depose and state:

1. I have been a Special Agent with the United States Department of State, Diplomatic Security Service ("DSS") since 2012, and am currently assigned to the Buffalo, NY Resident Office. I am responsible for investigating violations of federal law, to include passport fraud, visa fraud, identity theft, and wire fraud. Through my training and experience, I am familiar with the methods, routines, and practices of document counterfeiters, vendors, and individuals involved in identity theft.

2. I submit this affidavit in support of an application for a warrant to search the following SUBJECT DEVICES, which are further described and depicted in Attachment A:

   a. A Motorola smart phone (MOTOROLA), discovered during a search warrant executed by Pennsylvania State Police (PASP) on a Dodge Ram truck operated by MICHAEL GRIMM; and

   b. A Samsung smart phone (SAMSUNG) that the PASP located on the person of MICHAEL GRIMM during a February 16, 2023 arrest for kidnapping and other charges.

3. The information contained in this affidavit is based upon my personal knowledge and investigation of this matter, my training and experience, my conversations with other law enforcement officers and witnesses, and my review of documents and records.

4. As set forth below, there is probable cause to believe that contraband, evidence, fruits, and instrumentalities of violations of 18 U.S.C. §§ 1543 (forgery/false use of a passport); 1028 (fraud involving identification documents); 1028A (aggravated identity theft); and 1343 (wire fraud), as described in Attachment B, are currently located on the SUBJECT

1

DEVICES.

5. Because this affidavit is being submitted for the limited purpose of establishing probable cause to secure a search warrant, I have not included every fact known to me as a result of this investigation. Rather, I have set forth the facts that I believe are relevant to establish probable cause to support the requested search warrant.

### November 30, 2022 encounter with the NYSP

6. On November 30, 2022, the New York State Police (NYSP) arrested Michael GRIMM in Rochester, NY following a traffic stop for driving while ability impaired by drugs. At the time of the traffic stop, the NYSP learned that GRIMM was wanted for a parole warrant from the State of Pennsylvania for fraud-related offenses. GRIMM's 2009 Toyota Avalon (TOYOTA) was searched prior to being towed incident to the arrest. During the search, Troopers located a forged U.S. passport that had been illegally altered by placing a sticker with fake biographical details over the original identification page. The Troopers reported that the forged passport contained a photograph of GRIMM, with the identification information for a Desmond Mason Johnson (DOB XX/XX/1979).

7. Troopers also located several laptops, credit cards, gift cards, card scanners, a receipt printer, New York State driver's licenses, identification cards in various individuals' identities, and United States Social Security cards inside the TOYOTA. Troopers seized the forged passport but did not seize any other items. A female, now identified as NICKOLA FERRA, was in the passenger seat of the TOYOTA at the time of GRIMM's arrest.

8. Based on GRIMM's possession of the forged passport, DSS adopted the case for further investigation. The forged passport had a sticker façade on the identification page with a passport number ending in 5581, and the name "Desmond Johnson." A query of State

Department systems showed no existing records for that name or number. The passport on which the sticker was placed is a legitimate passport, with passport number XXXXXX619. Records show that this is a legitimate passport registered to VICTIM 1, in Rochester, NY. According to reports from the Monroe County Sheriff's Office (MCSO), VICTIM 1's home was burglarized in late July 2022, during which time various items were stolen, including his passport and other identifying documents.

### Review of GRIMM's recorded phone calls from the Monroe County Jail

9. While incarcerated for his November 30, 2022 arrest, GRIMM made more than 300 recorded phone calls from the Monroe County Jail, which I have reviewed. In the calls, GRIMM primarily spoke with Nickola FERRA, GRIMM's girlfriend, who was present in the TOYOTA at the time of his arrest.

10. GRIMM and FERRA openly discussed a gift card scheme in which both GRIMM and FERRA were actively involved. According to the calls, the scheme involved the use of Lowes and Target gift cards. Based on my review of the calls, my training and experience, and the printing and device making equipment and IDs located in the TOYOTA at the time of GRIMM's arrest, it is my belief that GRIMM and FERRA are using stolen or fraudulent gift cards and printed receipts to defraud retailers.

11. On January 10, 2023, a federal search warrant was issued for GRIMM's person, the TOYOTA, GRIMM's residence, and a storage unit in Rochester, NY under Case No. 23-MJ-4010(MWP).

12. The search warrant was executed on January 12, 2023, during which time Agents seized computers, mobile phones, and physical evidence, including Target gift cards, Target merchandise return cards, Target receipts, and six counterfeit passport biographical

3

pages containing GRIMM's photograph and the name "Desmond Johnson." The passport documents were printed on shipping label stickers.

13. A search of the seized computers and mobile phones revealed that GRIMM had searched the internet for blank passport and drivers' license templates. Image files of blank passports and drivers' licenses were also located on one of the computers. In addition, one of the computers contained internet search history for VICTIM 1's address.

14. A search of one of GRIMM'S cell phones revealed a folder with photographs of documents containing personally identifiable information belonging to other individuals, including tax documents related to VICTIM 1. Another photograph showed a computer screen with a confirmation page for a Home Depot and Citibank credit application submitted in the identity of another person. GRIMM also conducted multiple searches for barcode UPC formats and downloaded various barcode related images. One email to GRIMM, dated July 26, 2022, requested he repay an individual $351 via Square.com for "check fraud." GRIMM also downloaded information related to devices manufactured by Zebra Technologies, which are widely used within the retail industry as a mobile point of sale, to order merchandise, and to print receipts and labels. Zebra devices were also observed in the TOYOTA during GRIMM'S arrest on November 30, 2022. GRIMM and FERRA also directly spoke about their possession of such devices on recorded jail calls.

### Report of identity theft involving VICTIM 2

15. On February 13, 2023, I received information from the Rochester Police Department (RPD), that the RPD had been contacted by another victim (VICTIM 2), who reported that GRIMM stole her driver's license and two credit cards during a visit to her home. I interviewed VICTIM 2 that same day. VICTIM 2 explained that she is an

acquaintance of GRIMM, and that GRIMM stole her driver's license and credit cards during a visit to her home on February 8, 2023. VICTIM 2 discovered the theft on February 9, 2023, when she was unable to locate her driver's license and was contacted by her credit card companies. VICTIM 2 reported that the credit card companies called to inform her that suspicious purchases had been made using VICTIM 2's cards, to include car rentals, hotel reservations, retail purchases, and ATM withdrawals totaling approximately $1,490 or more. VICTIM 2 reported that she did not make or authorize any of the purchases.

16. VICTIM 2 was also contacted by Enterprise Holdings, Inc., who told her that a 2021 Dodge Ram 1500 pickup truck ("the DODGE RAM") had been rented using her driver's license and credit card. VICTIM 2 did not rent the truck and did not authorize anyone else to do so using her information. VICTIM 2 reported that she called GRIMM on February 9, 2023 and demanded that he return her driver's license and credit cards. VICTIM 2 stated that GRIMM returned her driver's license and one credit card that reached its maximum credit limit later that day. VICTIM 2 reported yelling at GRIMM during the encounter and asking him why he stole her identity, but GRIMM did not have a coherent answer and quickly left her residence without returning her other credit card.

17. I obtained security camera footage from Enterprise Holdings, Inc. which shows GRIMM and FERRA renting the DODGE RAM on the night of February 8, 2023. In an interview with the RPD, an Enterprise manager stated that Enterprise policy requires a person renting a vehicle to provide identification that matches the name on the credit card used for the purchase and the name on the rental agreement. According to VICTIM 2, her financial institutions informed her that one of her credit cards was used to pay for the rental. The surveillance video showed GRIMM and FERRA using cell phones during the vehicle rental

process.

18. According to VICTIM 2's credit card statement, VICTIM 2's card was also used for a $61.81 purchase on February 8, 2023, at a Speedway gas station in Rochester, without her permission. I obtained camera footage from Speedway and observed GRIMM making this unauthorized purchase.

### Kidnapping/Robbery in Pennsylvania and recovery of the SUBJECT DEVICES

19. On February 14, 2023, I received information from the PASP that GRIMM was involved in a robbery/kidnapping in Pennsylvania. According to the PASP, on February 10, 2023, GRIMM and an unidentified female encountered VICTIM 3 and agreed to give her a ride from Rochester, NY to Reading, PA in exchange for $300 in the DODGE RAM that GRIMM rented in VICTIM 2's name. At some point, GRIMM and the unidentified female became aware that VICTIM 3 had received a Supplemental Security Income payment for approximately $13,000. According to the PASP, GRIMM and the unidentified female ultimately held VICTIM 3 against her will at gunpoint in the DODGE RAM and forced her to withdraw money from ATMs.

20. The PASP reported that Troopers encountered GRIMM, the unidentified female, and VICTIM 3 in the DODGE RAM during a traffic stop in Pennsylvania on February 10, 2023. One Trooper asked VICTIM 3 to step out of the vehicle after she discretely indicated she needed help. While exiting the vehicle, VICTIM 3 grabbed GRIMM's wallet from the top of the center console, at which point GRIMM and the unidentified female fled the scene in the DODGE RAM and evaded capture. The PASP reviewed the contents of GRIMM'S wallet, which contained another individual's New York driver's license, a stolen U.S. Passport Card numbered CXXXXX350 issued to a minor (VICTIM 4) from New York,

6

and numerous credit cards belonging to other individuals, including one issued to VICTIM 2.  I have located VICTIM 4 and spoken to her mother.  VICTIM 4's mother explained that an incident had occurred in which individuals had rifled through vehicles in VICTIM 4's neighborhood, during which time she believes the passport card was likely stolen.

21. On February 13, 2023, a Pennsylvania State arrest warrant was issued for GRIMM for felony charges related to kidnapping and robbery.

22. On February 16, 2023, Buffalo Police Department (BPD) Officers located the DODGE RAM outside of a Target in Buffalo, NY.  Officers found GRIMM inside the store with a cart full of merchandise worth approximately $600 and placed him under arrest for the PA warrant. During a search incident to arrest, officers seized one of the SUBJECT DEVICES, the Samsung phone, and two U.S. Passports issued to other individuals from GRIMM's person.  The passports had been illegally altered with stickers containing fraudulent barcodes affixed over the original barcodes.  Officers towed the DODGE RAM to the BPD impound lot. At the request of PASP, the vehicle was not searched incident to tow to preserve potential DNA evidence.

23. On February 22, 2023, an Erie County Supreme Court Judge issued a search warrant authorizing BPD and PASP officers to search the DODGE RAM for evidence related to the kidnapping.

24. On February 27, 2023, I observed BPD and PASP officers execute the search warrant on the DODGE RAM.  In the center console, the PASP located the other SUBEJCT DEVICE, the Motorola cell phone, Model: XT2043-4.  On that same day, I took custody of both the Motorola cell phone seized from the DODGE RAM, and the Samsung cell phone seized from GRIMM's person, both of which remain secured at DSS.

25. Based on my training and experience, I know that cell phones routinely capture and store GPS data, call logs, text messages, internet search history and other information. Based on my investigation of GRIMM to date, to include my previous search warrants for his electronics, I have observed that GRIMM relies on cell phones to store photographs of stolen identifying information, transfer money via mobile payment systems, make phone calls, send text messages, conduct internet searches, and otherwise commit acts in furtherance of identity theft, wire fraud, passport fraud and other crimes. GRIMM has openly discussed his use of electronic equipment, to include cell phones, in perpetrating fraud. Forensic analysis of such devices can reveal evidence involving communications, transactions, the existence and whereabouts of co-conspirators, and other information regarding the above-referenced crimes. Forensic analysis can reveal such evidence, even after it has been deleted.

26. Based on the foregoing, I submit that there is probable cause to believe that GRIMM and others continue to perpetrate violations of 18 U.S.C. §§ 1543 (forgery/false use of a passport); 1028 (fraud involving identification documents); 1028A (aggravated identity theft); and 1343 (wire fraud), and that evidence, fruits and instrumentalities of such crimes, as described in Attachment B, are currently located on the SUBJECT DEVICES.

27. I request that the Court order that all papers in support of this application, including this affidavit and the search warrant, be sealed until further order of the Court. Sealing is necessary because the items and information to be seized are relevant to an ongoing investigation and premature disclosure of the contents of this affidavit and related documents may jeopardize the effectiveness of the investigation.

Bradley Bowman, Special Agent
U.S. Department of State
Diplomatic Security Service

Affidavit submitted electronically by email in .pdf format. Oath administered, and contents and signature attested to me as true and accurate telephonically pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on this 24th day of March 2023.

HON. MARIAN W. PAYSON
United States Magistrate Judge

9